FILED
2010 Aug-27  PM 02:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) CV-10-HS-2330-S |
| DOUGLAS E. DENT, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR PERMANENT INJUNCTION AND OTHER RELIEF

The plaintiff, United States of America, alleges against the defendant, Douglas E. Dent, as follows:

1. This suit is brought to enjoin Dent, and any entity through which he conducts business and all persons and entities in active concert or participation with him, from directly or indirectly:

    (a)    Preparing or filing, or assisting in or directing the preparation or filing of, any federal tax return for any other person or entity;

    (b)    Engaging in conduct subject to penalty under 26 U.S.C. § 6701, including preparing and filing tax returns and other documents that Dent knows will (if so used) result in the understatement of tax liability;

    (c)    Engaging in conduct subject to penalty under 26 U.S.C. § 6694 by

willfully attempting to understate taxpayers' liabilities or preparing

returns that understate taxes due to unreasonable positions;

(d)     Engaging in conduct subject to penalty under 26 U.S.C. § 6695 by

failing to sign tax returns he prepares and failing to furnish a preparer

identification number on those returns;

(e)     Preparing his own federal income tax returns that falsely claim

interest income and income tax withholding based on amounts shown

in a false Schedule B or Form 1099-OID; and

(f)     Engaging in any other conduct that substantially interferes with the

proper administration and enforcement of the internal revenue laws,

including preparing or filing, or assisting in the preparation or filing,

of frivolous IRS Forms 56.

2.  This action has been requested by the Chief Counsel of the Internal

Revenue Service, a delegate of the Secretary of the Treasury, and commenced at

the direction of a delegate of the Attorney General under §§ 7402, 7407 and 7408

of the Internal Revenue Code, 26 U.S.C. (the "Code").

3.  Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1340 and 1345

and Code §§ 7402(a), 7407 and 7408.

4.  Venue is proper in this Court under 28 U.S.C. §§ 1391(b) because the

defendant resides or conducts business in this district and because a substantial part of the actions giving rise to this suit took place in this district.

### Defendant and His Activities

5. Douglas Dent resides and conducts business in Birmingham, Alabama.

6. In an interview with IRS agents in November 2009, Dent stated that he has an economics degree from Auburn University and has about 35 years experience in the insurance industry and about 20 years experience in financial investments.

7. Dent is a tax return preparer as defined by Code § 7701(a)(36). He prepares other people's federal tax returns for compensation.

8. Dent has been a tax return preparer since early 2008.

9. The Internal Revenue Service has identified 47 federal income tax returns prepared by Dent since 2008. Each of the returns requested fraudulent refunds and falsely reported income earned and tax withholdings.

10. The returns Dent prepares falsely report large amounts of interest income and near-equivalent amounts of federal tax withholding. The false withholdings result in large fraudulent refund claims on his customers' income tax returns.

11. In support of his fraudulent returns, Dent prepares false Schedule B

-3-

statements reporting purported interest earned by his customers.  Dent sometimes

shows the false interest on a Form 1099-OID that he fabricates.  Dent then falsely

reports a similar amount as tax withheld on the customer's return.

12.  An IRS Form 1099-OID is used to report Original Issue Discount (OID)

income and any federal income tax withheld on that income.  (A Form 1096 is

used to transmit Forms 1099-OID to the IRS.)  OID income refers to the difference

between the price for which a debt instrument is issued and its stated redemption

price at maturity.  OID is generally included in a taxpayer's income as it accrues

over the term of the debt instrument, whether or not the taxpayer actually receives

payments from the issuer of the debt instrument.  OID is treated like payment of

interest and a party issuing a financial instrument generating OID must issue a

Form 1099-OID.

13.  The Forms 1099-OID that Dent's customers submit with their returns

are simply documents wholly fabricated by Dent that falsely state that the

customer purchased a debt instrument that generated OID income and falsely

report that federal income taxes were withheld in the full amount of the OID

purportedly earned by the customer.

14.  On returns that he prepares that do not include a Form 1099-OID, Dent

reports false interest income on a Schedule B and simply claims exaggerated false

-4-

tax withholdings on the return.

15. Consequently, Dent's customers fail to file correct federal income tax returns and claim tax refunds to which they are not entitled. Most of the returns Dent prepares fraudulently request refunds in excess of $100,000. One of the returns Dent prepared for a customer in 2008 included a false refund claim in excess of $880,000.

16. The scheme employed by Dent is part of a trend among tax defiers nationwide to file frivolous returns and documents, including Forms 1099-OID, with the IRS in an attempt to escape federal tax obligations and steal from the U.S. Treasury. Other courts have enjoined tax return preparers for preparing the same type of bogus tax returns and supporting documentation as Dent. *See, e.g., United States v. Knupp*, No. 1:09cv2724, 2010 WL 2245551 (N.D. Ga. May 14, 2010); *United States v. McIntyre*, no. cv-09-7017, 2010 WL 2103226 (C.D. Cal. May 24, 2010); *United States v. Able*, No. 3:09-537-JFA, 2010 WL 2431013 (D.S.C. Mar. 26, 2010), and 2010 WL 2431016 (D.S.C. June 14, 2010); *United States v. Marty, et al.,* No. CIV S-09-0600, 2010 WL 3235186 (E.D. Cal. Jan. 14, 2010); *United States v. Miller*, no. 3:09cc1030, 2009 WL 4060274 (M.D. Tenn. Nov. 23, 2009).

17. The IRS issued a nationwide "problem alert" on October 10, 2008--
*http://www.irs.gov/newsroom/article/0,,id=98129,00.html* --warning taxpayers

-5-

about the fraudulent OID-1099 program that Dent is utilizing and promoting in this case.

18. The IRS notified Dent on October 20, 2008, that the returns he was preparing were frivolous, but he ignored the warning and continued to prepare returns using the same discredited scheme. Dent has shown no remorse or expressed any regrets for his actions.

19. In addition to the other problems associated with the federal tax returns Dent prepares, Dent fails to sign the returns he prepares for his customers. He also fails to furnish his preparer identification number on the returns he prepares. This makes it difficult for the IRS to track his activities.

20. When challenged by the IRS to support the positions taken on the returns he prepares, Davis oftentimes submits a Form 56, "Notice Concerning Fiduciary Relationship," falsely identifying the Secretary of the Treasury or the IRS Commissioner as the customer's fiduciary with respect to the tax matter.

### Examples

21. In July of 2008, Dent prepared a 2005 amended federal income tax return for Jack and Darlene Davis, who are employed as nurses and reside in Hayden, Alabama. The return requested a fraudulent refund of $454,436, falsely claiming income tax withholding totaling $637,616. In response to the IRS's

-6-

request for information supporting the income and withholdings reported on the return, the Davises provided a copy of Form 1040, Schedule B, prepared by Dent, which falsely reported interest income of $654,403 from various creditors of the Davises. At the same time, pursuant to Dent's instruction, Jack Davis sent a document to the IRS (Form 56), which purported to name Acting IRS Commissioner Linda Stiff and Treasury Secretary Henry Paulson as fiduciaries for his 2005 federal tax forms.

22. In October of 2008, Dent prepared a 2006 amended federal income tax return for the Davises requesting a fraudulent refund of $119,997. The return falsely reported $183,703 of interest income and tax withholdings of $183,309. Similarly, in January of 2009, Dent prepared a 2007 amended federal income tax return for the Davises that falsely claimed withholdings in the amount of $462,869, Schedule B interest income of $462,905, and requested a refund of $300,702. Dent was paid approximately $20,000 by the Davises for preparing their 2007 return.

23. In an interview with IRS agents in November 2009, Dent admitted that he prepared or created the Davises' returns, forms, and IRS correspondence.

24. In July of 2008, Dent prepared a 2005 amended federal income tax return for James and Sandra Miller, which requested a fraudulent refund of

-7-

$452,323, and falsely claimed income tax withholdings of $696,175. Dent also prepared the Millers' 2006 amended return, which requested a fraudulent refund of $248,113, falsely reported withholdings of $400,007 and interest income of $401,970. Similarly, in January of 2009, Dent prepared a 2007 amended income tax return that fraudulently requested a refund of $527,061, and reported false withholdings of $802,131, and interest income of $802,624 on a fabricated Schedule B.

25. In order to substantiate the Millers' amended tax returns, copies of false Forms 1096 and 1099-OID were mailed to the IRS. In an interview with IRS agents in November 2009, Dent admitted that he created the returns, forms and IRS correspondence the Millers used, including a Form 56 sent to the IRS that purported to name Treasury Secretary Paulson as the Millers' fiduciary.

26. In addition to returns prepared for his customers, Dent prepared similar fraudulent returns for himself and his wife, Suzanne Dent. In April of 2008, Dent prepared a 2006 Form 1040 for himself in which he requested a fraudulent refund in the amount of $552,923, based on false claims of income tax withholding totaling $887,721. In June of 2008, Dent prepared a 2006 Form 1040 for his wife. Enclosed with Suzanne Dent's 2006 tax return were copies of false Forms 1099-OID to support the purported OID income and federal tax withholding shown on

her return. In August of 2008, Dent prepared a joint 2007 return for himself and his wife, requesting a refund in the amount of $723,195. This amount was supported by false claims of income tax withholding totaling $1,239,342. In November of 2008, Dent prepared an amended joint 2005 return that requested a refund of $424,297, based on false claims of income tax withholding in the amount of $702,598. In order to substantiate the joint income tax returns, Dent presented copies of false Forms 1099-OID to the IRS. In an interview with IRS agents in November 2009, Dent admitted that he created all the forms and materials associated with his and his wife's tax returns.

27. Dent also prepared fraudulent income tax returns for other family members that utilized his OID tax scheme, including returns for his deceased mother, Ann Dent. Ann Dent died in January 2008, yet in April 2008 Dent prepared and filed amended 2005 and 2007 income tax returns for her. The returns falsely reported tax withholdings of $338,000 (for tax year 2005) and $161,193 (2007) and fraudulently sought refunds of $341,704 (2005) and $124,372 (2007). Dent prepared and signed false Forms 1096 and 1099-OID to substantiate the amounts shown on the returns. When questioned about the accuracy of the returns by the IRS, Dent requested in correspondence that the returns be processed "without further delay."

## Harm Caused by the Defendant's Misconduct

28. The IRS has identified at least 47 returns prepared by Dent in 2008 and 2009 that request refunds based on fraudulent information contained in the returns, including phoney Forms 1099-OID and 1096, Schedule B, and other IRS documents. The total amount of bogus refunds requested on those 47 returns is more than $14 million.

29. In reliance on Dent's services, his customers have failed to file proper federal income tax returns, which has either deprived the customers of proper tax refunds to which they may have been entitled, or deprived the United States of additional tax revenue owed by the customers.

30. While the IRS is able to detect and stop many fraudulent refund claims, Dent's fraudulent tax return preparation has resulted in the IRS's issuance of at least $173,000 in erroneous payments to his customers.

31. In addition to the lost revenue due to the issuance of erroneous refunds, the Government has also incurred the expense of conducting the investigation of Dent's fraudulent return preparation and responding to and processing the frivolous documents that Dent and his customers submitted to the IRS.

## Count I – Injunction under Code § 7407

32. Code § 7407 authorizes a court to enjoin a tax return preparer if, *inter*

-10-

*alia*, the court finds that the return preparer has engaged in conduct subject to penalty under Code §§ 6694 or 6695, and that injunctive relief is appropriate to prevent the recurrence of the conduct.

33. If a return preparer's misconduct is continual or repeated and the court finds that a narrower injunction (*i.e.* prohibiting specific enumerated conduct) would not be sufficient to prevent the preparer's interference with the proper administration of federal tax laws, the court may enjoin the person from further acting as a return preparer.

34. Code § 6694(a) imposes penalties on a tax return preparer who prepares returns that understate customer's tax liabilities as a result of an unreasonable position.

35. Code § 6694(b) imposes penalties on a tax return preparer who willfully attempts to understate the tax liability of another person or whose reckless or intentional disregard of rules and regulations results in the understatement of the tax liability.

36. Code § 6695(b) imposes penalties on return preparers who fail to sign the tax returns they prepare.

37. Code § 6695(c) imposes penalties on return preparers who fail to furnish their proper identification number on the returns they prepare.

38. Dent has repeatedly and continually engaged in conduct subject to penalty under Code § 6694(a) and (b) by preparing and filing federal income tax returns that he knows contain complete fabrications, such as overstated interest income and tax withholdings, and that he knows seek fraudulent tax refunds.

39. Dent has repeatedly and continually engaged in conduct subject to penalty under Code § 6695(b) and (c) by failing to sign the returns he prepares and failing to furnish the correct preparer identification number on those returns.

40. Injunctive relief is appropriate to prevent his misconduct because, absent an injunction, Dent is likely to continue preparing and filing false federal income tax returns as described in this complaint.

41. Dent should be permanently enjoined under Code § 7407 from acting as a federal tax return preparer. His repeated and continual preparation of fraudulent tax returns, and his complete fabrication of the amounts, including tax withholdings, shown on returns he prepares, demonstrates that a narrower injunction prohibiting specific misconduct would be insufficient to prevent his interference with the proper administration of the tax laws. The IRS has warned him that his returns were frivolous, but his conduct has continued. Dent has given no indication that he will not continue to file fraudulent returns.

-12-

## Count II -- Injunction under Code § 7408

42.  Code § 7408 authorizes a court to enjoin any person from engaging in conduct subject to penalty under Code § 6701 if injunctive relief is appropriate to prevent recurrence of that conduct.

43.  Code § 6701(a) penalizes any person who aids or assists in the preparation of any portion of a federal tax return or other document knowing that it will be used in connection with any material matter arising under the internal revenue laws and knowing that if it is so used it would result in an understatement of another person's tax liability.

44.  Dent has prepared and filed federal tax returns and supporting documents, including Form 1099-OID and Schedule B, for customers knowing that the returns understate the customers' correct federal tax liability.  His conduct is subject to penalty under Code § 6701.

45.  Injunctive relief is appropriate to prevent recurrence of Dent's conduct.

## Count III – Injunction under Code § 7402

46.  Code § 7402(a) authorizes a court to issue injunctions "as may be necessary or appropriate for the enforcement of the internal revenue laws."  The remedies available to the United States under that statute "are in addition to and not exclusive of any and all other penalties."  Code § 7402(a).

-13-

47. Dent, through the actions described above, has engaged in conduct that substantially interferes with the enforcement of the internal revenue laws, and is likely to continue to engage in such conduct unless enjoined.

48. As a result of Dent's misconduct, his customers fail to file proper tax returns, erroneous refunds for thousands of dollars have been issued to his customers, and the customers are potentially liable for substantial penalties.

49. Dent's conduct causes irreparable harm to the United States and to the public. An injunction under Code § 7402(a) is necessary and appropriate. If Dent is not enjoined the United States will suffer irreparable injury by erroneously providing tax refunds to persons not entitled to receive them and by taxpayers not reporting and paying the correct amount of their taxes.

50. Unless Dent is enjoined, the IRS will have to devote substantial time and resources to identify and locate his customers, and then examine those customers' tax returns and liabilities. Pursuing all individual customers may be impossible given the IRS's limited resources.

51. Enjoining Dent is in the public interest because an injunction will stop his illegal conduct and the harm it causes the United States.

52. The Court should order injunctive relief under Code  7402(a) to prevent the recurrence of Dent's misconduct.

-14-

WHEREFORE, the United States of America requests the following relief:

A. The Court find that Douglas E. Dent has continually and repeatedly engaged in conduct subject to penalty under Code §§ 6694, 6695 and 6701, and that injunctive relief limited to prohibiting such conduct would not be sufficient to prevent Dent's interference with the proper administration of the Internal Revenue Code;

B. The Court find that Dent has engaged in conduct that substantially interferes with the enforcement and administration of the internal revenue laws, and that injunctive relief against him is appropriate to prevent the recurrence of that misconduct pursuant to Code § 7402(a);

C. The Court, pursuant to Code §§ 7407 and 7402(a), enter a permanent injunction prohibiting Dent from preparing or filing, or assisting in the preparation or filing, of federal tax returns or other related documents and forms for others;

D. The Court, pursuant to Code §§ 7407 and 7408, enjoin Dent from engaging in conduct subject to penalty under Code §§ 6694, 6695 and 6701;

E. The Court, pursuant to Code § 7402(a), enjoin Dent from engaging in conduct that substantially interferes with the administration and enforcement of the internal revenue laws, including preparing or assisting in the preparation of frivolous IRS Forms 56 that improperly name fiduciaries of taxpayers;

-15-

F. The Court, under Code § 7402, enter a permanent injunction prohibiting Dent from preparing his own federal income tax returns claiming false income tax withholding and refunds, based on amounts shown in false Forms 1099-OID or Schedule B;

G. The Court, under Code § 7402(a), enter an injunction requiring Dent to contact by mail all persons for whom he has prepared a federal tax return since January 1, 2008, to inform them of the Court's findings in this matter and enclose a copy of the injunction entered against him, and to file with the Court within fifteen days of the date the permanent injunction is entered a certificate signed by him under penalty of perjury that he has done so;

H. The Court, under Code § 7402, order Dent to provide to counsel for the United States a list of all persons (including names, addresses and social security numbers) for whom he has prepared a federal tax return since January 1, 2008;

I. The Court authorize the United States to engage in post-judgment discovery to monitor Dent's compliance with the injunction entered against him; and

J. That the Court grant the United States such other and further relief as the Court deems just and appropriate.

-16-

Date: August 26, 2010

Respectfully submitted,

JOYCE WHITE VANCE
United States Attorney

MARTIN M. SHOEMAKER
Ga. Bar 001340
U.S. Dept. of Justice, Tax Division
Post Office Box 7238
Washington, D.C. 20044
Telephone: (202) 514-6491
Fax: (202) 514-6770
martin.m.shoemaker@usdoj.gov

-17-